UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| T.E. by his mother and legal guardian C.E.,<br><br>Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, SERGEANT ANDREW MASTRANDE (SHIELD NO. 31675), LIEUTENANT MICHAEL FLEMING, POLICE OFFICER HASSAN GHEITH (SHIELD NO. 7404), POLICE OFFICER MICHAEL CUNNINGHAM (SHIELD NO. 6113), POLICE OFFICER GREG EVERT (SHIELD NO. 17783), POLICE OFFICER JEANETTE FIGUEROA (SHIELD NO. 6040), POLICE OFFICER COLLEEN CANAVAN (SHIELD NO. 30094), POLICE OFFICER STEVEN LAST (SHIELD NO. 31675), POLICE OFFICER STEPHEN GARDELL (SHIELD NO. 935) | **FIRST AMENDED COMPLAINT**<br><br>10-CV-00463(FB)(JO)<br><br>Jury Trial Demanded |

**PRELIMINARY STATEMENT**

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under Fourth, Sixth, and Fourteenth Amendment to the United States Constitution and Article I, Section 12 of the New York State Constitution and of common law of the State of New York. The case arises from incidents on June 24, 2008 and April 14, 2009 in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, an illegal strip search and malicious prosecution. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees, and such other relief as the court deems proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District.

## PARTIES

4. Plaintiff, a minor, is a resident of the State of New York, County of New York.

5. C.E. is plaintiff's mother and legal guardian.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. The New York City Police department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

8. Sergeant Andrew Mastrande, Lieutenant Michael Fleming, Police Officer Hassan Gheith, Police Officer Michael Cunningham, Police Officer Greg Evert, Police Officer Jeanette Figueroa, Police Officer Colleen Canavan, Police Officer Steven Last, Police Officer Stephen Gardell (The "Officers") are members of the NYPD who violated plaintiff's rights as described herein. The Officers are sued in his individual and official capacity.

## STATEMENT OF FACTS

9. On June 24, 2008, at approximately 11:45 p.m., in the vicinity of the corner of Fifth Avenue and Seventy-Ninth Street in Brooklyn, New York, the officers, acting in concert arrested plaintiff without cause and falsely charged him with Assault in the Second Degree, Assault in the Third Degree and Resisting Arrest.

10. Prior to his arrest, plaintiff observed his fourteen year-old sister being arrested as his parents were being questioned by other police officers. When plaintiff asked the police what was happening, one of the Officers began placing plaintiff in handcuffs.

11. As plaintiff was about to be cuffed, Officer Gheith ran up to plaintiff and struck plaintiff in the face with a closed fist. Other Officers then began punching and kicking plaintiff.

12. Plaintiff was then taken to the 68th Precinct for arrest processing. Plaintiff was taken to the "juvenile bar" for processing. While shackled to the bar, Officer Gheith asked to be left alone with plaintiff. Gheith then struck plaintiff in the face. Plaintiff was then taken to the hospital. After being taken to the hospital, plaintiff was first returned to the precinct, then taken to Bridges Juvenile Detention Center.

13. Plaintiff remained at Bridges for two days. While plaintiff was at Bridges, one or more of the arresting officers met with a prosecutor employed by Corporation Counsel.

14. The officer(s) misrepresented to the prosecutor that plaintiff had committed the crimes of Assault in the Second Degree, Assault in the Third Degree and Resisting Arrest against Sergeant Mastrande. Plaintiff was also accused of grabbing cigarettes away from complaining witness Tonian Tesorio

15. As a result of the aforesaid misrepresentation, felony juvenile delinquency charges were filed against plaintiff in the Family Court.

16. On June 26, 2008, after being arraigned in Family Court, plaintiff was returned to the custody of his family.

17. Prior to the commencement of plaintiff's juvenile delinquency fact-finding hearing, all charges relating to complaining witness Tonian Tesorio were dismissed. A fact-finding concerning solely the allegations of the Officers was commenced on February 27, 2009. On February 27, 2009 and April 15, 2009 Sergeant Mastrande testified falsely against plaintiff.

18. On April 14, 2009 at approximately 10:15 p.m. in the vicinity of the corner of Third Avenue and Seventy-Second Street in Brooklyn, NY, Gheith and other Officers arrested plaintiff and falsely charged him with disorderly conduct (impeding pedestrian traffic). Plaintiff had committed no crime, he was merely exiting a McDonalds restaurant.

19. Plaintiff was handcuffed and taken to the 68th Precinct. Once at the precinct, Officer Gheith mocked plaintiff, telling plaintiff that since he was in custody he would miss his family court appearance the following day.

20. Officer Ghieth, along with other Officers, took plaintiff into a precinct bathroom and strip-searched him. Plaintiff was forced to remove all his clothing. squat, spread his anus and cough. While plaintiff was naked, and in the presence of other officers, Officer Gheith mocked sixteen-year-old plaintiff's weight, calling him among other things, "fat". All charges against plaintiff arising from this arrest were ultimately dismissed.

21. On April 15, 2009 Officer Gheith testified falsely against plaintiff concerning plaintiff's arrest on June 24, 2008. After Gheith's direct testimony, plaintiff's defense counsel informed the Court and the prosecutor that she intended to question Officer Gheith about his illegal arrest and strip-search of plaintiff the prior evening. Officer Gheith refused to subject himself to cross-examination without first receiving prior legal advice.

22. Officer Gheith never again appeared in Family Court regarding plaintiff's case and was never subjected to cross-examination.

23. On June 8, 2009 the family court remanded plaintiff to detention. Plaintiff remained detained until June 25, 2009.

24. On September 11, 2009, after a full fact-finding hearing, all remaining charges against plaintiff were dismissed.

25. As a result of defendants' actions, plaintiff experienced physical injuries, emotional distress, fear, embarrassment, humiliation, discomfort, pain and suffering, loss of liberty, and damage to reputation.

**FEDERAL CLAIMS AGAINST THE OFFICERS CONCERNING PLAINTIFF'S JUNE 24, 2008 ARREST**

26. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-25 as if fully set forth herein.

27. The conduct of the Officers, as described herein, amounted to excessive force, assault and battery, and fabricated evidence. This conduct violated plaintiff' rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**FEDERAL CLAIMS AGAINST THE OFFICERS CONCERNING PLAINTIFF'S APRIL 14, 2009 ARREST**

28. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27 as if fully set forth herein.

29. The conduct of the Officers, as described herein, amounted to false arrest, an illegal strip-search, excessive force, assault and battery, and fabricated evidence. This conduct violated plaintiff' rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**FEDERAL LAW CLAIMS AGAINST THE CITY OF NEW YORK**

30. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-29 as if fully set forth herein. The City of New York directly caused the constitutional violations suffered by plaintiff.

31. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual

defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

   32. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

   33. The aforesaid conduct by the City of New York violated plaintiff' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

   WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

   a. Compensatory damages in an amount to be determined by a jury;

   b. Punitive damages in an amount to be determined by a jury;

   c. Costs, interest and attorney's fees;

   d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: June 5, 2010
     New York, New York

           Robert Marinelli
           305 Broadway, 14th Floor
           New York, New York 10007
           (212) 822-1427

           _/ss/_____
           ROBERT MARINELLI (RM-4242)