

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BAREE N. FETT**
Assistant Corporation Counsel
Phone: (212) 788-8343
Fax: (212) 788-9776
bfett@law.nyc.gov

October 19, 2010

**BY ECF**
Honorable James Orenstein
United States Magistrate Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  Timothy Edison v. City of New York, et al.
         10 CV 463 (FB) (JO)

Your Honorable:

    I am the Assistant Corporation Counsel who has been assigned to represent defendants in the above-referenced action.  As you are aware, the parties in this action reached a settlement agreement.  By Order dated September 30, 2010, the Court approved of plaintiff's infant compromise order allowing plaintiff's mother and legal guardian to settle the above matter on plaintiff's behalf.  Thus, attached please find the duly executed Stipulation and Order of Settlement and Dismissal dated October 19, 2010, for Your Honor's endorsement and filing.

    Thank you for your consideration.

                              Respectfully submitted,

                              /s/
                              Baree N. Fett
                              Assistant Corporation Counsel

cc:    Robert Marinelli, Esq.
        *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

T.E. by his mother and legal guardian, C.E.,

                                Plaintiff,

-against-

THE CITY OF NEW YORK, SERGEANT ANDREW MASTRANDE SHIELD NO. 31675, LIEUTENANT MICHAEL FLEMING, POLICE OFFICER HASSAN GHEITH (SHIELD NO. 7404), POLICE OFFICER MICHAEL CUNNINGHAM (SHIELD NO. 6113), POLICE OFFICER GREG EVERT (SHIELD NO. 17783), POLICE OFFICER JEANETTE FIGUEROA (SHIELD NO. 6040), POLICE OFFICER COLLEEN CANAVAN (SHIELD NO. 30094), POLICE OFFICER STEVEN LAST (SHIELD NO. 31675), POLICE OFFICER STEPHEN GARDELL (SHIELD NO. 935),

                                Defendants
------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10 CV 463 (FB) (JO)

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about February 3, 2010, and an amended complaint on or about June 6, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

**WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff T.E. by his mother and legal guardian, C.E., the sum of Forty Five Thousand Dollars ($45,000) and pay the attorney for plaintiff Robert Marinelli, Esq., the sum of Ten Thousand Dollars ($10,000), for a total amount of Fifty Five Thousand Dollars ($55,000) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants City of New York, Andrew Mastrande, Michael Fleming, Hassan Gheith, Michael Cunningham, Greg Evert, Jeanette Figueroa, Colleen Canavan, Steven Last and Stephen Gardell and to release the defendants and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York and all defendants regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.  This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       October 30, 2010
              19

| | |
|---|---|
| Robert Marinelli, Esq.<br>*Attorney for Plaintiff*<br>305 Broadway, 14th Floor<br>New York, New York 10007<br><br>By: _____<br>ROBERT MARINELLI<br>*Attorney for Plaintiff* | MICHAEL A. CARDOZO<br>*Attorney for Defendants*<br>100 Church Street<br>New York, New York 10007<br>(212) 788-8343<br><br>By: _____<br>BAREE N. FETT<br>ASSISTANT<br>CORPORATION<br>COUNSEL |

SO ORDERED:

_____
HON. JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       _____, 2010

4